UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| D.L. BYRON a/k/a DAVID LEIGH BYRON, individually and d/b/a ZEN ARCHER f/k/a INNER SANCTUM,<br><br>Plaintiff,<br><br>v.<br><br>STANLEY WAYNE DEMARCUS JR. a/k/a JAY DEMARCUS, GARY WAYNE VERNON JR. a/k/a GARY LEVOX, JOE DON ROONEY, individually and collectively professionally known as RASCAL FLATTS, RASCAL FLATTS, LLC., DANN HUFF, WENDELL MOBLEY, JOE NEIL THRASHER JR. a/k/a NEIL THRASHER, LYRIC STREET RECORDS, INC., HOLLYWOOD RECORDS INC., SONY/ATV MUSIC PUBLISHING, SONY/ATV SONGS LLC., EILEENSSONGMUSIC, SWEET SUMMER MUSIC, FINTAGE HOUSE MUSIC USA a/k/a FINTAGE PUBLISHING AND COLLECTION B USA, CROSSTOWN UPTOWN MUSIC a/k/a CROSSTOWN SONGS NASHVILLE a/k/a CROSSTOWN SONGS, MAJOR BOB MUSIC, INC., WARNER-TAMERLANE PUBLISHING CORP., and BOATWRIGHT BABY<br><br>Defendants. | Case No.: 08 CV 5525<br><br>COMPLAINT<br><br>Hon. RICHARD J. HOLWELL, U.S.D.J.<br><br>JURY TRIAL DEMANDED |

Plaintiff D.L. Byron a/k/a David Leigh Byron individually and d/b/a Zen Archer f/k/a/ Inner Sanctum, by his undersigned counsel, for his complaint against defendants hereby alleges:

I.  **NATURE OF ACTION**

1. This is an action for infringement of Plaintiff Byron's original musical work in violation of Plaintiff's copyright in and to such work under the Copyright Act of 1976, 17 U.S.C. § 101. et

seq., for which Plaintiff seeks herein to recover damages and to enjoin the unlawful conduct of the defendants.

2. Defendants have engaged in a pattern of conduct, to the benefit of defendants and to the detriment of Plaintiff, by the unauthorized writing, recording, producing, releasing, publishing, performing, copying, manufacturing, and sale of a musical work and recording that infringe on the Plaintiff's original and copyrighted musical work.

3. Defendants have infringed Plaintiff's exclusive rights in and to the song and musical composition "Shadows of the Night, " which Plaintiff registered the copyright for the song "Shadows of the Night" with the U.S. Copyright Office on June 1, 1981, Reg. No. PA 301-177 (the "Copyrighted Work").

4. By virtue of his ownership of the copyright in the Copyrighted Work, Plaintiff Byron possesses the exclusive right in the United States and elsewhere to produce or reproduce the Copyrighted Work, or any substantial part thereof, and to make derivative works thereof, as well as the exclusive right to market, perform, distribute, and sell the Copyrighted Work and any derivative work thereof.

## II. JURISDICTION AND VENUE

5. This action arises under the copyright laws of the United States, Title XVII of the United States Code ("U.S.C.").

6. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1338.

7. Venue is proper in this district under 28 U.S.C. § 1391.

## III. THE PARTIES

**Plaintiff D.L. Byron**

8. Plaintiff D.L. BYRON a/k/a DAVID LEIGH BYRON, individually and d/b/a/ ZEN ARCHER f/k/a INNER SANCTUM is a resident of the State of New York and currently resides in New York, NY ("Byron").

9. Plaintiff Byron is a Grammy Award winning singer/songwriter, who is currently in the business of writing and recording musical lyrics, and compositions for musical works.

10. In the late 1990's, Plaintiff Byron established and became the sole proprietor of Zen Archer, a recording and music publishing company with offices located at 247 Grand Street, 3rd Floor, New York, NY 10002.

11. Prior to the establishment of Zen Archer, Plaintiff Byron established and conducted business as a sole proprietor under the name of Inner Sanctum, which was a music publishing company with offices located at 247 Grand Street, 3rd Floor, New York, NY 10002.

12. Plaintiff Byron is the author and owner of the copyrighted song entitled "Shadows of the Night" ("Shadows") that is the subject of infringement, as alleged herein. Accordingly, Plaintiff Byron has standing to commence this action, pursuant to 17 U.S.C. § 501(b).

13. The Defendants have infringed Plaintiff's copyright for Shadows by the unauthorized writing, recording, producing, releasing, publishing, performing, copying, manufacturing, and sale of the musical composition entitled "No Reins" on the album entitled "Still Feels Good" by the musical act, defendants Rascal Flatts on the record label Lyric Street Records Inc., which was at all times and continues to be manufactured and distributed by Hollywood Records Inc. (the "Infringing Song").

**Defendant Stanley Wayne DeMarcus Jr., a/k/a Jay DeMarcus**

14. Upon information and belief, Defendant STANLEY WAYNE DEMARCUS JR., a/k/a JAY DEMARCUS ("DeMarcus") is a resident of the State of Tennessee.

15. Defendant DeMarcus is a songwriter and popular musical performing and recording artist and member of the musical act and band Rascal Flatts.

16. Defendant DeMarcus is one of the co-authors together with Defendants Neil Thrasher and Wendell Mobley of the Infringing Song at issue herein.

**Defendant Gary Wayne Vernon Jr. a/k/a Gary LeVox**

17. Upon information and belief, defendant GARY WAYNE VERNON JR., a/k/a GARY LEVOX ("LeVox") is a resident of the State of Tennessee.

18. Defendant Levox is a popular musical performing and recording artist and member of the musical act and band Rascal Flatts.

**Defendant Joe Don Rooney**

19. Upon information and belief, defendant JOE DON ROONEY ("Rooney"), is a resident of the State of Tennessee.

20. Defendant Rooney is a popular musical performing and recording artist, and member of the musical act and band Rascal Flatts.

**Defendant Rascal Flatts**

21. Upon information and belief, defendants DeMarcus, Levox, and Rooney are individually, jointly and professionally known as the musical act and band RASCAL FLATTS ("Rascal Flatts").

22. Upon information and belief, Defendant Rascal Flatts is a popular musical performing and recording group in the pop and country music genres whose recordings have been successfully sold worldwide since their debut in June, 2000.

23. Upon information and belief, the Defendant Rascal Flatts is the performer of and co-producer of the Infringing Song alleged herein.

24. Defendant Rascal Flatts' recordings are, at all times alleged herein, issued under the imprint or label of the Defendants Lyric Street Records Inc., and Hollywood Records Inc., which, upon information and belief, are part of the Disney Music Group and Buena Vista Music Group, which are owned by the Walt Disney Company.

**Defendant Rascal Flatts, LLC**

25. Upon information and belief, Defendant RASCAL FLATTS, LLC ("Rascal LLC") is a limited liability company with its executive offices at 1700 Hayes Street, Nashville, TN 37203.

26. Upon information and belief, Defendants DeMarcus, Levox, and Rooney are members of Rascal Flatts, LLC.

**Defendant Wendell Mobley**

27. Upon information and belief, Defendant WENDELL MOBLEY ("Mobley") is a resident of the State of Tennessee and is a popular song writer, and musical performer in the country music genre.

28. Defendant Mobley is one of the co-authors, together with Defendants DeMarcus and Thrasher, of the Infringing Song at issue herein.

**Defendant Neil Thrasher**

29. Upon information and belief, Defendant JOE NEIL THRASHER JR., a/k/a NEIL THRASHER ("Thrasher") is a resident of the State of Tennessee and is a popular musical song writer and musical performer in the country and pop music genres.

30. Defendant Thrasher is one of the co-authors, together with Defendants DeMarcus and Mobley, of the Infringing Song at issue herein.

31. Upon information and belief, Defendant Thrasher is a musical writer for the music publishing company Defendant Major Bob Music, Inc.

32. Upon information and belief, Defendant Thrasher is a musical writer for the music publishing company Defendant Crosstown Uptown Music a/k/a Crosstown Songs Nashville a/k/a Crosstown Songs.

**Defendant Dann Huff**

33. Upon information and belief, Defendant DANN HUFF ("Huff") is a resident of the State of Tennessee, and is a popular music writer, producer, and musician in the pop, rock and country genre, recording and producing country music with the Defendants collectively known as Rascal Flatts.

34. Defendant Huff is a co-producer and performer of the Infringing Song with Defendant Rascal Flatts.

35. Upon information and belief, Defendant Huff is a partner of and does business as a music producer with Defendant Crosstown Songs.

**Lyric Street Records, Inc.**

36. Upon information and belief, Defendant LYRIC STREET RECORDS, INC. ("Lyric Street") is a Delaware corporation, with its executive offices at 1100 Demonbreun St., Suite 100, Nashville, TN 37203 ("Lyric Street").

37. Upon information and belief, Defendant Lyric Street is in the business of producing, marketing, releasing and distributing recordings of musical artists.

38. Upon information and belief, Defendant Lyric Street is affiliated with Defendant Hollywood Records, which is a part of Disney Music Group and Buena Vista Music Group which are owned by the Walt Disney Company.

39. Defendant Lyric Street produced, markets, sells and distributes the recordings of the Defendant Rascal Flatts, including their recording of the Infringing Song at issue herein.

**Hollywood Records Inc.**

40. Upon information and belief, Defendant HOLLYWOOD RECORDS, INC., is a California corporation, with executive offices at 500 S Buena Vista St., Burbank, CA 91521 and is registered with the New York Department of State. Hollywood Records maintains an office for the conduct of business and regularly conducts business in New York State at 77 West 66th Street, 15th Floor, New York, NY 10023 ("Hollywood Records").

41. Upon information and belief, Defendant Hollywood Records is in the business of producing, recording, releasing, marketing, selling and distributing the recordings of musical artists as well as the marketing and distributing of musical recordings.

42. Defendant Hollywood Records is affiliated with Lyric Street, the record label of the Infringing Song.

**Defendant Sony/ATV Music Publishing**

43. Upon information and belief, Defendant SONY/ATV MUSIC PUBLISHING, ("Sony Publishing") is a Delaware corporation with executive offices at 550 Madison Avenue, New York, NY 10022. Sony Publishing maintains an office for the conduct of business and regularly conducts business in New York State.

44. Upon information and belief, Sony Publishing is affiliated with Defendants Sony Songs and Eileenssong.

45. Upon information and belief, Defendant Sony Publishing is the co-publisher and administrator of the Infringing Song at issue herein.

**Defendant Sony ATV Songs LLC.**

46. Upon information and belief, Defendant SONY/ATV SONGS LLC., ("Sony Songs") is a Delaware corporation, with executive offices at 550 Madison Avenue, New York, NY 10022. Sony Songs maintains an office for the conduct of business and regularly conducts business in New York State.

47. Upon information and belief, Defendant Sony Songs is affiliated with Defendants Sony Publishing and Eileenssong.

48. Upon information and belief, Defendant Sony Songs is the co-publisher of the Infringing Song at issue herein.

**Defendant Eileenssongmusic**

49. Upon information and belief, Defendant EILEENSSONGMUSIC., ("Eileenssong") is affiliated with Defendants Sony Publishing and Sony Songs with executive offices at 550 Madison Avenue, New York, NY 10022. Upon information and belief, Eileenssong maintains an office for the conduct of business and regularly conducts business in New York State.

50. Upon information and belief, Defendant Eileenssong is the publisher of the musical compositions and songs of the Defendant Rascal Flatts through the Defendant Sony Publisher, including the Infringing Song at issue herein.

**Defendant Sweet Summer Music**

51. Upon information and belief, Defendant SWEET SUMMER MUSIC ("Sweet Summer") is a Tennessee based corporation, with executive offices at 5405 Waddell Hollow Road, Franklin, TN 37064.

52. Upon information and belief, Defendant Sweet Summer is the co-publisher of the Infringing Song at issue herein.

**Defendant Crosstown Uptown Music**

53. Upon information and belief, CROSSTOWN UPTOWN MUSIC a/k/a CROSSTOWN SONGS NASHVILLE a/k/a CROSSTOWN SONGS ("Crosstown Songs") is a Netherlands based writing publisher, with executive offices located at Stationsweg 32, 2312 AV Leiden, Netherlands and maintains an office for the conduct of business and regularly conducts business at 111 16th Avenue South, Suite 301, Nashville, TN 37212.

54. Upon information and belief, Defendant Crosstown is the co-publisher of the Infringing Song at issue herein.

**Defendant Fintage Publishing and Collection B USA**

55. Upon information and belief, FINTAGE HOUSE MUSIC USA a/k/a FINTAGE PUBLISHING AND COLLECTION B USA ("Fintage") is a writing publisher with executive offices at Stationsweg 32, 2312 AV Leiden, Netherlands and maintains an office for the conduct of business and regularly conducts business at 504 Autumn Springs Court, Suite 14, Franklin, TN 37067.

56. Upon information and belief, Defendant Fintage is the co-publisher of the Infringing Song at issue herein.

**Defendant Major Bob Music Inc.**

57. Upon information and belief, MAJOR BOB MUSIC, INC., ("Major Bob") is a Tennessee corporation located with executive offices at 1111 17th Avenue, South Nashville, TN, 37212.

58. Upon information and belief, Defendant Major Bob is the co-publisher of the Infringing Song at issue herein.

**Warner-Tamerlane Publishing Corp.**

59. Upon information and belief, Defendant WARNER-TAMERLANE PUBLISHING CORP., ("Warner") is a California corporation, with executive offices at 75 Rockefeller Plaza, New

York, NY 10019. Warner maintains an office for the conduct of business and regularly conducts business in New York State.

60. Upon information and belief, Defendant Warner is the co-publisher and administrator of the musical compositions and songs of the Defendant Rascal Flatts, including the Infringing Song at issue herein.

**Defendant Boatwright Baby**

61. Upon information and belief, Defendant BOATWRIGHT BABY ("Boatwright") is a California based music publisher, with executive offices at 10585 Santa Monica Boulevard, Los Angeles, CA 90025-4950.

62. Upon information and belief, Boatwright is affiliated with the Defendant Warner.

63. Upon information and belief, Defendant Boatwright is the co-publisher of the musical compositions and songs of the Defendant Rascal Flatts, including the Infringing Song at issue herein.

64. Upon information and belief, all defendants derive substantial benefit from the publication, sale, performance and dissemination of the Infringing Work in the State of New York.

**IV.     BACKGROUND FACTS**

**Plaintiff's Original Work**

65. In 1980, Byron wrote the musical lyrics and created the musical composition for the song Shadows that is the subject of the infringement, as alleged herein.

66. In 1981, Byron was doing business under his music publishing company Inner Sanctum.

67. On or about June of 1981, Inner Sanctum c/o David Byron as claimant filed a copyright registration for the words and music of Shadows of the Night.

68. On or about November 1, 1982, Byron issued a non-exclusive license for the mechanical reproduction of Shadows to Chrysalis Records, Inc. on records embodying the performance of Pat Benatar ("Benatar").

69. On or about November 1981, Chrysalis released the Benatar album entitled "Get Nervous" which contained her version of Shadows ("Benatar Version").

70. Notwithstanding this license, Plaintiff retained all rights, title and interest to the Copyrighted Work, including the musical composition embodied in the Benatar Version.

71. The Benatar Version of Shadows was the first song on the Get Nervous album which was released in November 1982.

72. Upon information and belief, the Benatar Version of Shadows was released on October 16, 1982 and was a major success, known in the music industry as a smash hit record.

73. The Benatar Version of Shadows spent 19 weeks on the Billboard charts and peaked at #13 on the Billboard Pop music charts, #3 on the Billboard album rock charts.

74. The Benatar Version of Shadows earned Pat Benatar a 1982 Grammy award for the Best Rock Vocal Performance by a Female.

75. The Benatar Version of Shadows continues today to be sold as a recording, performed on the radio and performed in concert by Pat Benatar.

76. The worldwide success of Shadows as a musical composition is irrefutable.

77. On or about February 2008, Plaintiff licensed Shadows to the producers of a movie entitled "Picture This" featuring Ashley Tisdale, a star of the High School Musical movies, where it is the prominent musical composition in the movie.

78. The Benatar Version of Shadows features a "hook" that consisted of an original melody in the chorus of the Copyrighted Work which is also used as the introduction. The "hook" is the

most identifiable phrase in a popular song and is typically a popular song's single most important element and is often associated with the song's title.

79. The Infringing Song is substantially similar to the Copyrighted Work.

80. The Infringing Song features the substantially similar melody as the Copyrighted Work in the chorus of the Infringing Song which is also used as the introduction (performed on the guitar).

81. The phrasing and musicality of the hook in both the Copyrighted Work and the Infringing Song are nearly identical.

82. The core melodic theme in the Copyrighted Work is found repeatedly throughout the Copyrighted Work and the Infringing Song.

83. The substantial similarity of the qualitative portions of both the Copyrighted Work and the Infringing Song extend to the main content of both works, including their verse sections.

**Defendants' Contacts With the Copyrighted Work**

84. The Defendants had actual or constructive knowledge of the Copyrighted Work due to the huge worldwide success of the Copyrighted Work as performed and released in the Benatar Version of the Song by its voluminous sale, continue radio airplay and critical acclaim.

**Defendants' Infringing Conduct**

85. In or about September 2007, Defendants released the album by Rascal Flatts entitled "Still Feels Good" which contains the Infringing Song as the seventh track on the CD.

86. Upon information and belief, the "Still Feels Good" album became a major success, which resulted significant sales achieving "platinum" status, which signifies sales of over 1,000,000 copies.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
(17 U.S.C. §106 and §501)
(Against All Defendants)

87. Plaintiff hereby realleges, as if fully set forth, each of the allegations contained in the foregoing paragraphs 1-85.

88. Plaintiff Byron's Copyrighted Work constitutes an authentic and original work and is copyrightable subject matter pursuant to the Copyright Act, and has been duly registered by Byron with the United States Copyright Office, and published by Byron in strict conformity with the Copyright Act, and all laws governing copyrights.

89. As the copyright owner of the Copyrighted Work, Plaintiff Byron enjoys the exclusive right to (1) reproduce the Copyrighted Work; (2) prepare derivative works based upon the Copyrighted Work; (3) distribute copies of the Copyrighted Work; and (4) display or broadcast or perform the Copyrighted Work. See. 17 U.S.C. § 106.

90. Upon information and belief, beginning on an unknown date and continuing through present, Defendants, with actual or constructive knowledge of Plaintiff Byron's respective ownership of the Copyrighted Work, and with actual or constructive knowledge of Byron's duly registered copyright of the Copyrighted Work, have infringed upon or, at the very least, shown that their actions constitute a willful, conscious and reckless disregard for Byron's copyrights by the unauthorized writing, recording, producing, releasing, publishing, performing, copying, manufacturing, and selling of the Defendant Rascal Flatts' *Still Feels Good* CD, which contains the Infringing Song, and which directly competes with Plaintiff's original Copyrighted Work.

91. Upon information and belief, the Defendants had access to the Copyrighted Work prior to the writing, recording, producing, releasing, publishing, performing, copying, manufacturing,

and selling of the Infringing Song and, therefore, Defendants are willful infringers of Plaintiff's Copyright Work.

92. The Infringing Song is substantially similar to Plaintiff's original Copyrighted Work and infringes the copyright thereof, pursuant to 17 U.S.C. § 501.

93. As set forth in the aforementioned facts, the conclusion is inescapable that Defendants had access to and have substantially copied the Copyrighted Work and infringed upon Plaintiff's copyright registration in violation of the Copyright Act, 17 U.S.C. § 101, et. seq., for which Defendants are jointly and severally liable.

94. Defendants are jointly and severally responsible for the writing, recording, producing, releasing, publishing, performing, copying, manufacturing, and selling of the Infringing Song and are in violation of Plaintiff's exclusive rights under the Copyright Act.

95. As a result of Defendants' unlawful, deliberate, wilful and reckless conduct as set forth above, Plaintiff Byron has been, and will continue to sustain damages.

96. Defendants' infringement has caused and will continue to cause irreparable harm to Plaintiff unless Defendants are restrained by this Court.

97. Plaintiff is entitled to recover from Defendants the damages sustained and that they will continue to sustain, as well as, any gains, profits, and advantages obtained, and enjoyed by Defendants as a result of their willful acts of infringing upon the Plaintiff's rights under the Copyright Act, as alleged above.

98. At the present, the amount of such actual damages, gains, profits, and advantages cannot be fully determined without discovery and therefore must be established according to proof at trial.

**WHEREFORE**, Plaintiff Byron demands that judgment be entered against the Defendants and the Court finds as follows:

(a) That Defendants acts of writing, recording, producing, releasing, publishing, performing, copying, manufacturing, and selling the Infringing Song constitute unlawful, deliberate, intentional, willful acts as well as a conscious and reckless disregard for the Plaintiff's rights under the Copyright Act, and therefore constitute an infringement of all laws governing copyrights;

(b) That Defendants be ordered to provide an accounting on all gains, profits, benefits and advantages derived by all Defendants from their willful copyright infringement of Plaintiff's original work, and that Defendants be ordered to pay to Plaintiff all actual damages or statutory damages, at Plaintiff's election, attributable to the Defendants' copyright infringement of Plaintiff's Copyrighted Work; 17 U.S.C. § 504,

(c) That Defendants together with their officers, agents, servants, employees and attorneys and all persons in active concert or participation be preliminarily and permanently enjoined from any further acts of copyright infringement upon the Plaintiff's Copyrighted Work, including the permanent cessation of the performance, sale and distribution of Defendants' Infringing Song. 17 U.S.C. § 502

(d) That Defendants be ordered to block out all recordings containing the Infringing Song from their catalogs; to stop distributing catalogs that depict or otherwise offer for sale recordings containing the Infringing Song; to delete any reference to recordings containing the Infringing Song

from price lists, website and all other marketing and sales material; and to advise customers that recordings containing the Infringing Song are no longer available or in the alternative to order the complete destruction of the Defendants' recordings containing the Infringing Song.
17 U.S.C. § 503

(e) That Defendants be required to pay Plaintiff a reasonable royalty for each and every sale of the recordings containing the Infringing Song and that Defendants be ordered to provide appropriate credit to Plaintiff on all recordings and printings and/or publications of the Infringing Song and that key elements of the Infringing Song are derived from Plaintiff's original Copyrighted Work;

(f) That Defendants be required to pay Plaintiff's costs, and reasonable attorney fees in connection with this action; 17 U.S.C. § 505

(g) That final judgment be entered in favor of Plaintiff and against Defendants;

(h) Grant Plaintiff such other and further relief as is just.


[INTENTIONALLY LEFT BLANK]

## JURY DEMAND

Plaintiff hereby demands trial by jury for all issues in this action triable of right by jury.

Dated: June 18, 2008

                          Respectfully submitted,
                          CODISPOTI & MANCINELLI, LLP

                          By: Bruno F. Codispoti (BC-4568)
                          111 John Street, Suite 800
                          New York, NY 10038
                          Phone: (212) 962-6525
                          Fax: (212) 962-6791
                          *Attorneys for Plaintiff,*
                          *D.L. Byron*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Civil Action No.:

---

D.L. BYRON a/k/a DAVID LEIGH BYRON, individually and d/b/a ZEN ARCHER f/k/a INNER SANCTUM,

          Plaintiff,

          v.

STANLEY WAYNE DEMARCUS JR. a/k/a JAY DEMARCUS, GARY WAYNE VERNON JR. a/k/a GARY LEVOX, JOE DON ROONEY, individually and collectively professionally known as RASCAL FLATTS, RASCAL FLATTS, LLC., DANN HUFF, WENDELL MOBLEY, JOE NEIL THRASHER JR. a/k/a NEIL THRASHER, LYRIC STREET RECORDS, INC., HOLLYWOOD RECORDS INC., SONY/ATV MUSIC PUBLISHING, SONY/ATV SONGS LLC., EILEENSSONGMUSIC, SWEET SUMMER MUSIC, FINTAGE HOUSE MUSIC USA a/k/a FINTAGE PUBLISHING AND COLLECTION B USA, CROSSTOWN UPTOWN MUSIC a/k/a CROSSTOWN SONGS NASHVILLE a/k/a CROSSTOWN SONGS, MAJOR BOB MUSIC, INC., WARNER-TAMERLANE PUBLISHING CORP., and BOATWRIGHT BABY

          Defendants.

---

**SUMMONS AND COMPLAINT**

---

CODISPOTI & MANCINELLI, LLP
111 John Street, Suite 800
New York, New York 10038
(212) 962-6525
*Attorneys for Plaintiff*

---

TO: