UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| D.L. BYRON a/k/a DAVID LEIGH BYRON, individually and d/b/a ZEN ARCHER f/k/a INNER SANCTUM,<br><br>Plaintiff,<br><br>v.<br><br>STANLEY WAYNE DEMARCUS JR. a/k/a JAY DEMARCUS, GARY WAYNE VERNON JR. a/k/a GARY LEVOX, JOE DON ROONEY, all individually, collectively, and professionally known as RASCAL FLATTS, RASCAL FLATTS, LLC, WENDELL MOBLEY, JOE NEIL THRASHER JR. a/k/a NEIL THRASHER, DANN HUFF, **BUENA VISTA MUSIC GROUP, DISNEY MUSIC GROUP,** LYRIC STREET RECORDS, INC., HOLLYWOOD RECORDS, INC., SONY/ATV MUSIC PUBLISHING, SONY/ATV SONGS, LLC, EILEENSSONGMUSIC, SWEET SUMMER MUSIC, FINTAGE HOUSE MUSIC USA a/k/a FINTAGE PUBLISHING AND COLLECTION B USA, CROSSTOWN UPTOWN MUSIC a/k/a CROSSTOWN SONGS NASHVILLE a/k/a CROSSTOWN SONGS, MAJOR BOB MUSIC, INC., WARNER-TAMERLANE PUBLISHING CORP., and BOATWRIGHT BABY<br><br>Defendants. | Case No.: 08 CV 5525 (RJH)<br>ECF Case<br>**AMENDED COMPLAINT**<br><br>Hon. Richard J. Holwell, U.S.D.J.<br><br>**JURY TRIAL DEMANDED**<br><br> |

Plaintiff D.L. Byron a/k/a David Leigh Byron individually and d/b/a Zen Archer f/k/a Inner

Sanctum ("Byron"), by his undersigned counsel, for his Complaint against Defendants hereby alleges:

## I. NATURE OF ACTION

1. This is an action for infringement of Plaintiff Byron's original musical work in violation of Plaintiff's copyright in and to such work under the Copyright Act of 1976, 17 U.S.C. § 101 et seq., for which Plaintiff seeks herein to recover damages and to enjoin the unlawful conduct of Defendants.

2. Defendants have infringed Plaintiff's exclusive rights in and to the song and musical composition "Shadows of the Night" (for which Plaintiff registered the copyright with the U.S. Copyright Office on June 1, 1981, Reg. No. PA 301-177) (the "Copyrighted Work").

3. Defendants have engaged in a pattern of conduct, to the benefit of Defendants and to the detriment of Plaintiff, by the unauthorized writing, recording, producing, releasing, publishing, performing, broadcasting, copying, manufacturing, distribution and sale of a musical work and recording that infringe on the Plaintiff's original Copyrighted Work.

4. By virtue of his ownership of the copyright in the Copyrighted Work, Plaintiff Byron possesses the exclusive right in the United States and elsewhere to produce or reproduce the Copyrighted Work, or any substantial part thereof, and to make derivative works thereof, as well as the exclusive right to market, perform, distribute and sell the Copyrighted Work and any derivative work thereof.

## II. JURISDICTION AND VENUE

5. This action arises under the copyright laws of the United States, Title XVII of the United States Code ("U.S.C.").

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1338.

7. Venue is proper in this district under 28 U.S.C. § 1391.

2

## III. THE PARTIES

### Plaintiff D.L. Byron

8. Plaintiff D.L. BYRON a/k/a DAVID LEIGH BYRON, individually and d/b/a ZEN ARCHER f/k/a INNER SANCTUM is a resident of the State of New York and currently resides in New York, NY ("Plaintiff" and/or "Byron").

9. Plaintiff Byron is a singer/songwriter, who was and is currently in the business of writing and recording musical lyrics, and compositions for musical works.

10. In the late 1990's, Plaintiff Byron established and became the sole proprietor of Zen Archer, a recording and music publishing company with offices located at 247 Grand Street, 3rd Floor, New York, NY 10002.

11. Prior to the establishment of Zen Archer, Plaintiff Byron established and conducted business as a sole proprietor under the name of Inner Sanctum, which was a music publishing company with offices located at 247 Grand Street, 3rd Floor, New York, NY 10002.

12. Plaintiff Byron is the author and owner of the Copyrighted Work that is the subject of infringement, as alleged herein. Accordingly, Plaintiff Byron has standing to commence this action, pursuant to 17 U.S.C. § 501(b).

13. Defendants have infringed Plaintiff's copyright for the Copyrighted Work by the unauthorized writing, recording, producing, releasing, publishing, performing, broadcasting, copying, manufacturing, distribution and sale of the musical composition entitled "No Reins" on the album entitled "Still Feels Good" by the musical act, Defendant Rascal Flatts on the record label Lyric Street Records Inc., which was at all times and continues to be manufactured and distributed by Hollywood Records Inc. (the "Infringing Song").

**Defendant Stanley Wayne DeMarcus Jr., a/k/a Jay DeMarcus**

14. Upon information and belief, Defendant STANLEY WAYNE DEMARCUS JR., a/k/a JAY DEMARCUS ("DeMarcus") is a resident of the State of Tennessee.

15. Defendant DeMarcus is a songwriter and popular musical performing and recording artist and member of the musical act and band Rascal Flatts.

16. Defendant DeMarcus is one of the co-authors together with Defendants Neil Thrasher and Wendell Mobley of the Infringing Song at issue herein.

**Defendant Gary Wayne Vernon Jr. a/k/a Gary LeVox**

17. Upon information and belief, Defendant GARY WAYNE VERNON JR., a/k/a GARY LEVOX ("LeVox") is a resident of the State of Tennessee.

18. Defendant LeVox is a popular musical performing and recording artist and member of the musical act and band Rascal Flatts.

**Defendant Joe Don Rooney**

19. Upon information and belief, Defendant JOE DON ROONEY ("Rooney"), is a resident of the State of Tennessee.

20. Defendant Rooney is a popular musical performing and recording artist, and member of the musical act and band Rascal Flatts.

**Defendant Rascal Flatts**

21. Upon information and belief, Defendants DeMarcus, LeVox, and Rooney are individually, collectively, and professionally known as the musical act and band RASCAL FLATTS ("Rascal Flatts").

22. Upon information and belief, Defendant Rascal Flatts is a popular musical performing and

recording group in the pop and country music genres whose recordings have been successfully sold worldwide since their debut in June, 2000.

23. Upon information and belief, Defendant Rascal Flatts is the performer of and co-producer of the Infringing Song alleged herein.

24. Defendant Rascal Flatts' recordings are, at all times alleged herein, issued under the imprint or label of Defendants Lyric Street Records Inc., and Hollywood Records Inc., which, upon information and belief, are part of the Disney Music Group and Buena Vista Music Group, which are owned by the Walt Disney Company.

**Defendant Rascal Flatts, LLC**

25. Upon information and belief, Defendant RASCAL FLATTS, LLC ("Rascal LLC") is a limited liability company with its executive offices at 1700 Hayes Street, Nashville, TN 37203.

26. Upon information and belief, Defendants DeMarcus, LeVox, and Rooney are members of Rascal Flatts, LLC.

**Defendant Wendell Mobley**

27. Upon information and belief, Defendant WENDELL MOBLEY ("Mobley") is a resident of the State of Tennessee and is a popular song writer, and musical performer in the country music genre.

28. Defendant Mobley is one of the co-authors, together with Defendants DeMarcus and Thrasher, of the Infringing Song at issue herein.

**Defendant Neil Thrasher**

29. Upon information and belief, Defendant JOE NEIL THRASHER JR., a/k/a NEIL THRASHER ("Thrasher") is a resident of the State of Tennessee and is a popular musical song writer and musical performer in the country and pop music genres.

5

30. Defendant Thrasher is one of the co-authors, together with Defendants DeMarcus and Mobley, of the Infringing Song at issue herein.

31. Upon information and belief, Defendant Thrasher is a musical writer for the music publishing company Defendant Major Bob Music, Inc.

32. Upon information and belief, Defendant Thrasher is a musical writer for the music publishing company Defendant Crosstown Uptown Music a/k/a Crosstown Songs Nashville a/k/a Crosstown Songs.

**Defendant Dann Huff**

33. Upon information and belief, Defendant DANN HUFF ("Huff") is a resident of the State of Tennessee, and is a popular music writer, producer, and musician in the pop, rock and country genre, recording and producing country music with Defendant collectively known as Rascal Flatts.

34. Defendant Huff is a co-producer and performer of the Infringing Song with Defendant Rascal Flatts.

35. Upon information and belief, Defendant Huff is a partner of and does business as a music producer with Defendant Crosstown Songs.

**Defendant Buena Vista Music Group**

36. Upon information and belief, Defendant BUENA VISTA MUSIC GROUP ("BVMG") is a subsidiary of and/or owned by The Walt Disney Company, a California corporation, with executive offices at 500 S Buena Vista St., Burbank, CA 91521.

37. Upon information and belief, Defendant BVMG is the parent company and distributor of Lyric Street Records, Inc. and Hollywood Records, Inc., the record label and affiliated record label and/or distributor of the Infringing Song at issue herein.

**Defendant Disney Music Group**

38. Upon information and belief, Defendant DISNEY MUSIC GROUP ("Disney") is a subsidiary of and/or owned by The Walt Disney Company, a California corporation, with executive offices at 500 S Buena Vista St., Burbank, CA 91521.

39. Upon information and belief, Defendant Disney is the parent company and/or owner of Lyric Street Records, Inc. and Hollywood Records, Inc., the record label and affiliated record label and/or distributor of the Infringing Song at issue herein.

**Lyric Street Records, Inc.**

40. Upon information and belief, Defendant LYRIC STREET RECORDS, INC. ("Lyric Street") is a Delaware corporation, with its executive offices at 1100 Demonbreun St., Suite 100, Nashville, TN 37203 ("Lyric Street").

41. Upon information and belief, Defendant Lyric Street is in the business of producing, marketing, releasing and distributing recordings of musical artists.

42. Upon information and belief, Defendant Lyric Street is affiliated with Defendant Hollywood Records, which is a subsidiary of and/or owned by Defendants Disney and BVMG which are subsidiaries of and/or owned by the Walt Disney Company.

43. Defendant Lyric Street is the record label that produces, markets, sells and distributes the recordings of Defendant Rascal Flatts, including its recording of the Infringing Song at issue herein.

**Hollywood Records Inc.**

44. Upon information and belief, Defendant HOLLYWOOD RECORDS, INC., is a California corporation, with executive offices at 500 S Buena Vista St., Burbank, CA 91521 and is registered

with the New York Department of State with a registered agent of Kenneth E. Newman, 77 West 66th Street, 15th Floor, New York, New York, 10023.

45. Upon information and belief, Hollywood Records maintains an office for the conduct of business and regularly conducts business in New York State at 825 8th Avenue, 29th Floor NY, NY 10019 ("Hollywood Records").

46. Upon information and belief, Defendant Hollywood Records is in the business of producing, recording, releasing, marketing, selling and distributing the recordings of musical artists as well as the marketing and distributing of musical recordings.

47. Hollywood Records is owned by The Walt Disney Company and/or BVMG and/or Disney and is affiliated with Lyric Street, the record label of the Infringing Song.

48. Upon information and belief, Hollywood Records is the distributor of the Infringing Song.

**Defendant Sony/ATV Music Publishing**

49. Upon information and belief, Defendant SONY/ATV MUSIC PUBLISHING, ("Sony Publishing") is a Delaware corporation with executive offices at 550 Madison Avenue, New York, NY 10022. Sony Publishing maintains an office for the conduct of business and regularly conducts business in New York State.

50. Upon information and belief, Sony Publishing is affiliated with Defendants Sony Songs and Eileenssongmusic.

51. Upon information and belief, Defendant Sony Publishing is the co-publisher and/or administrator of the Infringing Song at issue herein.

**Defendant Sony/ATV Songs LLC**

52. Upon information and belief, Defendant SONY/ATV SONGS LLC, ("Sony Songs") is a Delaware corporation, with executive offices at 550 Madison Avenue, New York, NY 10022. Sony Songs maintains an office for the conduct of business and regularly conducts business in New York State.

53. Upon information and belief, Defendant Sony Songs is affiliated with Defendants Sony Publishing and Eileenssongmusic.

54. Upon information and belief, Defendant Sony Songs is the co-publisher of the Infringing Song at issue herein.

**Defendant Eileenssongmusic**

55. Upon information and belief, Defendant EILEENSSONGMUSIC, ("Eileenssong") is affiliated with Defendants Sony Publishing and Sony Songs with executive offices at 550 Madison Avenue, New York, NY 10022. Upon information and belief, Eileenssong maintains an office for the conduct of business and regularly conducts business in New York State.

56. Upon information and belief, Defendant Eileenssong is the publisher of the musical compositions and songs for Defendant Rascal Flatts through Defendant Sony Publishing, including the Infringing Song at issue herein.

**Defendant Sweet Summer Music**

57. Upon information and belief, Defendant SWEET SUMMER MUSIC ("Sweet Summer") is a Tennessee based corporation, with executive offices at 5405 Waddell Hollow Road, Franklin, TN 37064.

9

58. Upon information and belief, Defendant Sweet Summer is the co-publisher of the Infringing Song at issue herein.

**Defendant Fintage Publishing and Collection B USA**

59. Upon information and belief, FINTAGE HOUSE MUSIC USA a/k/a FINTAGE PUBLISHING AND COLLECTION B USA ("Fintage") is a writing publisher with executive offices at Stationsweg 32, 2312 AV Leiden, Netherlands and maintains an office for the conduct of business and regularly conducts business at 504 Autumn Springs Court, Suite 14, Franklin, TN 37067.

60. Upon information and belief, Defendant Fintage is the co-publisher of the Infringing Song at issue herein.

**Defendant Crosstown Uptown Music**

61. Upon information and belief, CROSSTOWN UPTOWN MUSIC a/k/a CROSSTOWN SONGS NASHVILLE a/k/a CROSSTOWN SONGS ("Crosstown Songs") is a Netherlands based writing publisher, with executive offices located at Stationsweg 32, 2312 AV Leiden, Netherlands and maintains an office for the conduct of business and regularly conducts business at 111 16th Avenue South, Suite 301, Nashville, TN 37212.

62. Upon information and belief, Defendant Crosstown is the co-publisher of the Infringing Song at issue herein.

**Defendant Major Bob Music Inc.**

63. Upon information and belief, MAJOR BOB MUSIC, INC., ("Major Bob") is a Tennessee corporation with executive offices located at 1111 17th Avenue, South Nashville, TN, 37212.

64. Upon information and belief, Defendant Major Bob is the co-publisher of the Infringing Song at issue herein.

### Warner-Tamerlane Publishing Corp.

65. Upon information and belief, Defendant WARNER-TAMERLANE PUBLISHING CORP., ("Warner") is a California corporation, with executive offices at 75 Rockefeller Plaza, New York, NY 10019. Warner maintains an office for the conduct of business and regularly conducts business in New York State.

66. Upon information and belief, Defendant Warner is the co-publisher and administrator of the musical compositions and songs of Defendant Rascal Flatts, including the Infringing Song at issue herein.

### Defendant Boatwright Baby

67. Upon information and belief, Defendant BOATWRIGHT BABY ("Boatwright") is a California based music publisher, with executive offices at 10585 Santa Monica Boulevard, Los Angeles, CA 90025-4950.

68. Upon information and belief, Boatwright is affiliated with Defendant Warner.

69. Upon information and belief, Defendant Boatwright is the co-publisher of the musical compositions and songs of Defendant Rascal Flatts, including the Infringing Song at issue herein.

70. Upon information and belief, all Defendants derive substantial benefit from the publication, sale, performance and dissemination of the Infringing Work in the State of New York.

### IV.    BACKGROUND FACTS

### Plaintiff's Original Work

71. In 1980, Byron wrote the musical lyrics and created the musical composition for the Copyrighted Work that is the subject of the infringement, as alleged herein.

72. In 1981, Byron was doing business under his music publishing company Inner Sanctum.

73. On or about June of 1981, Inner Sanctum c/o David Byron as claimant filed a copyright registration for the Copyrighted Work.

74. On or about November 1, 1982, Byron issued a non-exclusive license for the mechanical reproduction of the Copyrighted Work to Chrysalis Records, Inc., for a recording embodying the performance of the Copyrighted Work by the popular, Grammy Award Winning musical artist Pat Benatar ("Benatar").

75. On or about November 1981, Chrysalis released the Benatar album entitled "Get Nervous" which contained her version of the Copyrighted Work ("Benatar Version").

76. Notwithstanding this license, Plaintiff retained all rights, title and interest to the Copyrighted Work, including the musical composition embodied in the Benatar Version.

77. The Benatar Version of the Copyrighted Work was the first song on the Get Nervous album which was released in November 1982.

78. Upon information and belief, the Benatar Version of the Copyrighted Work was released on October 16, 1982 and was a major success, known in the music industry as a "smash hit record."

79. The Benatar Version of the Copyrighted Work was listed for 19 weeks on the Billboard Magazine charts and peaked at #13 on the Billboard Magazine Pop music charts, and #3 on the Billboard Magazine album rock charts.

80. In 1982, Pat Benatar was awarded a Grammy Award issued by The National Academy of Recording Arts and Sciences ("NARAS") for Best Rock Vocal Performance by a Female for the Benatar Version of the Copyrighted Work.

81. Upon information and belief, the Benatar Version of the Copyrighted Work continues today to be sold as a recording, broadcast on the radio and other channels of performance, and performed in concert at various venues by Pat Benatar and others.

82. The worldwide success of the Benatar Version of the Copyrighted Work as a musical composition is irrefutable.

83. On or about February 2008, Plaintiff issued a synchronization license for the Copyrighted Work to the producers of a movie entitled "Picture This" featuring Ashley Tisdale, a popular actress of the successful "High School Musical" movies.

84. The Copyrighted Work is the prominent musical composition in "Picture This."

**Defendant's Infringing Conduct**

85. The Copyrighted Work features a qualitatively important musical phrase (i.e., the "hook") that consists of an original melody in the chorus of the Copyrighted Work which is also used as the introduction. The "hook" is usually the most identifiable phrase in a popular song and is typically a popular song's single most important element and is often associated with the song's title.

86. The Infringing Song is substantially similar to the Copyrighted Work due to Defendants' improper use and taking of Plaintiff's "hook," as well as other important elements of the Copyrighted Work.

87. The Infringing Song features a chorus with the substantially similar melody as the chorus of the Copyrighted Work, which is also used as the introduction of the Benatar Version of the Copyrighted Work (sung by Pat Benatar) and the introduction of the Infringing Song (performed instrumentally by Defendants Rascal Flatts).

88. The phrasing and musicality of the hook in both the Copyrighted Work and the Infringing Song are nearly identical.

89. The core melodic theme in the Copyrighted Work is found repeatedly throughout the Copyrighted Work and the Infringing Song.

90. The substantial similarity of the qualitative portions of both the Copyrighted Work and the Infringing Song extend to the main content of both works, including their verse sections and other musical elements.

91. Defendants had actual or constructive knowledge of the Copyrighted Work due to the huge worldwide success and popularity of the Copyrighted Work as performed and released in the Benatar Version of the Copyrighted Work by its voluminous sales, continuous broadcasting by radio airplay and otherwise, and critical acclaim by members of the music industry.

92. In or about September 2007, Defendants released the album by Rascal Flatts entitled "Still Feels Good," which was either written, recorded, produced, published, distributed and/or sold by one or more of the Defendants and contains the Infringing Song as the seventh track on the CD.

93. Upon information and belief, the "Still Feels Good" album is a major success, as determined by its significant sales achieving "platinum" status, which is defined in the music industry as sales of over 1,000,000 copies.

94. Upon information and belief, the Infringing Song is a very popular recording among the fans of Rascal Flatts.

95. Upon information and belief, the Infringing Song is an important factor in the success of the Rascal Flatts album "Still Feels Good."

[INTENTIONALLY LEFT BLANK]

# FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
(17 U.S.C. §106 and §501)
(Against All Defendants)

96. Plaintiff hereby realleges, as it fully set forth, each of the allegations contained in the foregoing paragraphs 1-95.

97. Plaintiff Byron's Copyrighted Work constitutes an authentic and original work and is copyrightable subject matter pursuant to the Copyright Act, which has been duly registered by Byron with the United States Copyright Office, and published by Byron in strict conformity with the Copyright Act, and all laws governing copyrights.

98. As the copyright owner of the Copyrighted Work, Plaintiff Byron enjoys the exclusive right to (1) reproduce the Copyrighted Work; (2) prepare derivative works based upon the Copyrighted Work; (3) distribute copies of the Copyrighted Work; and (4) display or broadcast or perform the Copyrighted Work. See. 17 U.S.C. § 106.

99. Upon information and belief, beginning on an unknown date and continuing through present, Defendants, with actual or constructive knowledge of Plaintiff Byron's ownership of the Copyrighted Work, and with actual or constructive knowledge of Byron's duly registered copyright of the Copyrighted Work, have infringed upon or, at the very least, shown that their actions constitute a willful, conscious and reckless disregard for Byron's copyrights by the unauthorized writing, recording, producing, releasing, publishing, performing, broadcasting, copying, manufacturing, distribution and selling of Defendant Rascal Flatts' *Still Feels Good* album, which contains the Infringing Song, and directly competes with Plaintiff's original Copyrighted Work.

100. Upon information and belief, Defendants had access to the Benatar Version of the Copyrighted Work prior to the writing, recording, producing, releasing, publishing, performing, broadcasting, copying, manufacturing, distribution and selling of the Infringing Song.

101. Based upon the success of and Defendants' access to the Benatar Version of the Copyrighted Work, as well as the substantial similarity between the Copyrighted Work and the Infringing Song, Defendants are willful infringers of Plaintiff's Copyrighted Work.

102. The Infringing Song is substantially similar to Plaintiff's original Copyrighted Work and infringes the copyright thereof, pursuant to 17 U.S.C. § 501.

103. As set forth in the aforementioned facts, the conclusion is inescapable that Defendants had access to and have substantially copied the Copyrighted Work and infringed upon Plaintiff's copyright registration in violation of the Copyright Act, 17 U.S.C. § 101, et. seq., for which Defendants are jointly and severally liable.

104. Defendants are jointly and severally responsible for the writing, recording, producing, releasing, publishing, performing, broadcasting, copying, manufacturing, distribution and selling of the Infringing Song and are in violation of Plaintiff's exclusive rights under the Copyright Act.

105. As a result of Defendants' unlawful, deliberate, willful and reckless conduct as set forth above, Plaintiff Byron has sustained and will continue to sustain damages.

106. Defendants' infringement has caused and will continue to cause irreparable harm to Plaintiff unless Defendants are restrained by this Court.

107. Plaintiff is entitled to recover from Defendants the damages sustained and that he will continue to sustain, as well as, any gains, profits, and advantages obtained, and enjoyed by Defendants as a result of their willful acts of infringing upon the Plaintiff's rights under the Copyright Act, as alleged above.

108. At the present, the amount of such actual damages, gains, profits, and advantages cannot be fully determined without discovery and therefore must be established according to proof at trial.

**WHEREFORE**, Plaintiff Byron demands that judgment be entered against Defendants and the Court finds as follows:

(a) That Defendants' acts of writing, recording, producing, releasing, publishing, performing, broadcasting, copying, manufacturing, distribution and selling the Infringing Song constitute unlawful, deliberate, intentional, willful acts as well as a conscious and reckless disregard for the Plaintiff's rights under the Copyright Act, and therefore constitute an infringement of all laws governing copyrights;

(b) That Defendants be ordered to provide an accounting on all gains, profits, benefits and advantages derived by all Defendants from their willful copyright infringement of Plaintiff's original Copyrighted Work, and that Defendants be ordered to pay to Plaintiff all actual damages or statutory damages, at Plaintiff's election, attributable to Defendants' copyright infringement of Plaintiff's Copyrighted Work; 17 U.S.C. § 504,

(c) That Defendants together with their officers, agents, servants, employees and attorneys and all persons in active concert or participation, be preliminarily and permanently enjoined from any further acts of copyright infringement upon the Plaintiff's Copyrighted Work, including the permanent cessation of the performance, sale and distribution of Defendants' Infringing Song; 17 U.S.C. § 502,

(d) That Defendants be ordered to remove all recordings containing the Infringing Song from their catalogs; to stop distributing catalogs that depict or otherwise offer for sale recordings containing the Infringing Song; to delete any reference to recordings containing the Infringing Song from price lists, websites and all other marketing and sales material; and to advise customers that recordings containing the Infringing Song are no longer available or in the alternative to order the complete destruction of Defendants' recordings containing the Infringing Song; 17 U.S.C. § 503,

(e) That Defendants be required to pay Plaintiff a reasonable royalty for each and every sale of the recordings containing the Infringing Song and that Defendants be ordered to provide appropriate credit to Plaintiff on all recordings and printings and/or publications of the Infringing Song and that key elements of the Infringing Song are derived from Plaintiff's original Copyrighted Work;

(f) That Defendants be required to pay Plaintiff's costs, and reasonable attorneys fees in connection with this action; 17 U.S.C. § 505,

(g) That final judgment be entered in favor of Plaintiff and against Defendants;

(h) Grant Plaintiff such other and further relief as this Honorable Court deems fair and just.

## JURY DEMAND

Plaintiff hereby demands trial by jury for all issues in this action triable of right by jury.

Dated: August 17, 2008

>Respectfully submitted,
>CODISPOTI & MANCINELLI, LLP
>
>*[signature]*
>
>By: Bruno F. Codispoti (BC-4568)
>111 John Street, Suite 800
>New York, NY 10038
>Phone: (212) 962-6525
>Fax: (212) 962-6791
>*Attorneys for Plaintiff*

N:\Documents\C&M Documents\Clients\Byron, D.L.\Shadows\Pleadings\Amended S&C\Amended Complaint\Amended Complaint 16.wpd

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Civil Action No.: 08 CV 5525

D.L. BYRON a/k/a DAVID LEIGH BYRON, individually and d/b/a ZEN ARCHER f/k/a INNER SANCTUM,

                Plaintiff,

v.

STANLEY WAYNE DEMARCUS JR. a/k/a JAY DEMARCUS, GARY WAYNE VERNON JR. a/k/a GARY LEVOX, JOE DON ROONEY, all individually, collectively, and professionally known as RASCAL FLATTS, RASCAL FLATTS, LLC, WENDELL MOBLEY, JOE NEIL THRASHER JR. a/k/a NEIL THRASHER, DANN HUFF, BUENA VISTA MUSIC GROUP, DISNEY MUSIC GROUP, LYRIC STREET RECORDS, INC., HOLLYWOOD RECORDS, INC., SONY/ATV MUSIC PUBLISHING, SONY/ATV SONGS, LLC, EILEENSSONGMUSIC, SWEET SUMMER MUSIC, FINTAGE HOUSE MUSIC USA a/k/a FINTAGE PUBLISHING AND COLLECTION B USA, CROSSTOWN UPTOWN MUSIC a/k/a CROSSTOWN SONGS NASHVILLE a/k/a CROSSTOWN SONGS, MAJOR BOB MUSIC, INC., WARNER-TAMERLANE PUBLISHING CORP., and BOATWRIGHT BABY,

                Defendants.

## AMENDED SUMMONS AND COMPLAINT

CODISPOTI & MANCINELLI, LLP
111 JOHN STREET, SUITE 800
NEW YORK, N.Y. 10038
212-962-6525
*Attorneys for Plaintiff*

To: